UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'CONNELL, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:04CV01807 AGF |
| MASON'S LANDSCAPING & CONSTRUCTION SERVICES, INC., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for partial summary judgment and Defendant's cross motion for summary judgment.[1] For the reasons set forth below, Plaintiffs' motion shall be granted and Defendant's motion shall be denied.

## **BACKGROUND AND ARGUMENTS OF THE PARTIES**

Plaintiffs are a labor union and three employee benefit funds (Funds) and their trustees. Plaintiffs allege that Defendant Mason Landscaping & Construction Services, Inc., is obligated under a multi-employer collective bargaining agreement (CBA) with the union to make monthly contributions to the Funds on behalf of Defendant's employees based upon the number of hours they worked and to file monthly reports showing amounts due. In this action, filed under the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act (ERISA), Plaintiffs seek to recover

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

delinquent contributions allegedly owed the Funds, as well as union dues, assessments, attorney's fees, and costs, as provided for in the CBA.

Pursuant to the CBA, which was effective January 1, 2000, contributions for each month are due by the 15th of the following month, and delinquent payments are subject to liquidated damages of $2 per day, up to $40 for any one month of delinquency, plus two percent per month of the unpaid amount. Pls.'s Ex. 1. The CBA also requires the employer to post security, such as a surety bond, for the timely reporting and paying of contributions. Id. In Plaintiffs' motion for partial summary judgment, filed on July 27, 2005, Plaintiffs assert that Defendant did not pay the Funds the amounts owed for the period of March 25, 2003 through June 3, 2003. Plaintiffs seeks judgment for this period in the amount of $36,796.95, consisting of delinquent contributions ($31,700.70), union dues and assessments ($4,300.22), and attorney's fees and costs ($796.03). Plaintiffs have supported their motion with documentation of the amounts owed.

Defendant responds that it is not a proper party to this action because it did not at any time sign the CBA in question. On this basis, Defendant has also moved for summary judgment in its favor. The record establishes that William E. Mason, Sr., is the president of Defendant and of Mason's Plumbing, Inc., a corporation which is purportedly separate and distinct from Defendant. On January 1, 2000, Mr. Mason signed the CBA in question on behalf of "Mason Plumbing, Inc." Pl.'s Ex. 1.

In reply to Defendant's response, Plaintiffs acknowledge that Defendant did not sign the CBA, but argue that Defendant is a party to the CBA nonetheless due to its course of conduct demonstrating an intent to be bound by the terms of the CBA.

Specifically, Plaintiffs point to the fact that on October 22, 2002, Mr. Mason signed a surety bond to guarantee the reporting and payment and contribution requirements of the CBA, with Defendant identified as the principal on the bond. The bond states that "the Principal, as an employer, has entered into a collective bargaining agreement with Plumbers & Pipefitters Local #562" and that "said agreement requires the Principal to pay certain wages and contribute to certain welfare funds and/or vacation funds and/or similar trust funds." Pls.' Ex. 3.

Plaintiff also points to the facts that (1) while reports called for by the CBA were submitted in the name of Mason's Plumbing, Inc., through February 4, 2003, the reports thereafter were submitted in Defendant's name (Pls.' Ex. 5); and (2) Defendant was paying off the delinquencies at issue in this case by making periodic payments of $1,000 (Pls.' Ex. 7). Defendant has not countered Plaintiff's argument or evidence.

## **DISCUSSION**

This Court must grant summary judgment if the pleadings and evidentiary showing demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing, 950 F. Supp. 1454, 1464 (E.D. Mo. 1996), aff'd, 141 F.3d 1167 (8th Cir. 1997). In considering each of the Parties' cross-motions, the Court views the evidence in the light most favorable to the nonmoving party. See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must

demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Section 515 of ERISA provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. This section creates a federal right of action independent of the contract on which the duty to contribute is based; "Congress intended that this section would simplify actions to collect delinquent contributions, avoid costly litigation, and enhance the actuarial planning necessary to the administration of multiemployer [benefit] plans." Cent. States, SE & SW Areas Pension Fund v. Indep. Fruit & Produce Co., 919 F.2d 1343, 1347-48 (8th Cir. 1990).

Upon review of the record, the Court concludes that Plaintiffs are entitled to the amounts sought. Courts recognize that in an action to recover delinquent ERISA contributions due under a CBA, the existence of the CBA "is not dependent on the reduction to writing of the parties' intention to be bound . . . rather all that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement." Bricklayers Local 21 of IL Appenticeship & Training Program v. Banner Restoration, Inc., 385. F.3d 761, 765 (7th Cir. 2004) (citation omitted) (citing this as a "well-established principle"). Here, even assuming that Mason Plumbing, Inc., and Defendant are separate entities, the evidence submitted by Plaintiffs, most significantly, the surety bond signed by Mr. Mason on behalf of Defendant, establishes a clear intent on

4

Defendant's part to abide and be bound by the terms of the CBA. Indeed, Defendant's position to the contrary seems disingenuous, in light of the surety bond and the reports called for by the CBA submitted by Defendant for the period for which delinquent contributions are sought in the motion for partial summary judgment. See id. at 767 (although employer did not sign CBA requiring ERISA contributions, its conduct in submitting monthly contribution reports and paying contributions in accordance with those reports manifested employer's assent to the CBA); Trustees of the Flint Mich. Laborers' Pension Fund v. In-Puls Constr. Co., 835 F. Supp. 972, 975 (E.D. Mi. 1993) (employer's deduction of wages to pay into benefit fund in accordance with terms of unsigned CBA established employer's liability for ERISA contributions as provided for in CBA).

Defendant has not challenged the accuracy of Plaintiffs' calculations or otherwise independently challenged any of the amounts Plaintiffs seek, and the Court finds them to be adequately supported.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for partial summary judgment is **GRANTED** in the amount of $ 36,796.95. [Doc. #10]

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED**. [Doc. #14]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of January, 2006.